UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO 23-12(3) (SRN/ECW)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| ) | |
| ) | **MOTION TO SUPPRESS** |
| **v.** ) | **EVIDENCE OBTAINED AS A** |
| ) | **RESULT OF SEARCH AND** |
| **VENUS MILDRED MARQUEZ-MELENDEZ** ) | **SEIZURE** |
| ) | |
| **Defendant.** ) | |

Venus Mildred Marquez-Melendez, by her undersigned counsel, moves the Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure and *Terry v. Ohio*, 392 U.S. 1 (1968), for an order suppressing any and all evidence obtained directly or indirectly from the following searches and seizures:

A. The September 22, 2022, investigatory stop of Ms. Marquez-Melendez in or near the City of Rochester by members of the Olmsted County Sheriff's Department and Rochester Police Department.

B. The subsequent searches, on September 22, 2022, of: (1) Room 302 of the Quality Inn in Rochester, MN; (2) a 2007 Black Chevrolet Suburban (MN LIC WV6363); and (3) Ms. Marquez-Melendez's person, pursuant to a warrant signed by the Honorable Christina K. Stevens of the Olmsted County District Court on September 22, 2022.

C. The search of Ms. Marquez-Melendez's Samsung Smartphone pursuant to a warrant signed by the Honorable Lisa R. Hayne of the Olmsted County District Court on September 29, 2022.

The grounds for this motion are as follows:

1. "The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. Because an investigatory stop is a seizure under the Fourth Amendment, it must be supported by a reasonable, articulable suspicion that criminal activity has occurred or is occurring." *United States v. Martin*, 411 F.3d 998, 1000 (8th Cir.2005) (quoting *United States v. Fuse,* 391 F.3d 924, 927 (8th Cir.2004)).

2. "Reasonable suspicion exists when an 'officer is aware of particularized, objective facts which, taken together with rational inferences from the facts, reasonably warrant suspicion that a crime has been committed.'" *United States v. Tamayo-Baez*, 820 F.3d 308, 312 (8th Cir. 2016)(quoting *United States v. Givens*, 763 F.3d 987, 989 (8th Cir. 2014)). A court considers the totality of the circumstances to determine whether the officer conducting the investigative stop had "a particularized and objective basis for suspecting legal wrongdoing" based on the officer's "experience and specialized training to make inferences from and deductions about the cumulative information available." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal citations and quotations omitted). The officer "must be able to articulate something more than an inchoate and unparticularized

suspicion or hunch." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal quotations marks omitted).

3.  The only information police that had to support a reasonable suspicion that Ms. Marquez-Melendez was involved in any criminal activity was information police received from co-defendant Elliot Wilkins, after he was stopped and arrested for an unrelated crime. Co-defendant Wilkins had had no history of providing reliable information to police.

4.  When information supporting reasonable suspicion for investigatory stop is based upon an informant's tip, that tip must be both reliable and corroborated." *United States v. Bell*, 480 F.3d 860,863 (8th Cir. 2007).

5.  The investigatory stop of Ms. Marquez-Melendez was improper because Mr. Wilkins was neither a reliable informant nor was the information he provided to police sufficiently corroborated.

6.  As a result of this constitutional violation, all evidence seized as a result of information and evidence obtained after the illegal stop be suppressed as "fruit of the poisonous tree.'" *See Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). This includes the subsequent searches of Room 302 of the Quality Inn in Rochester, MN; the 2007 Black Chevrolet Suburban (MN LIC WV6363); Ms. Marquez-Melendez's person, and the Samsung Smartphone that belonged to Ms. Marquez-Melendez because the warrants authorizing the search of this property were based on information obtained during the illegal investigatory stop of Ms. Marquez-Melendez.

This motion is based on the indictment, the records and files in the above-entitled action, and any and all other evidence which may be presented prior to or at the time of the hearing on this motion.

Dated: March 9, 2023

**JOHNSON & GREENBERG, PLLP**

<u>s/Lee R. Johnson</u>
Lee R. Johnson #189935
5775 Wayzata Boulevard
Suite 700
St. Louis Park, MN 55416
(952) 545-1621

Attorney for Defendant
Venus Mildred Marquez-Melendez